IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE SISLER, | Civil Action |
| Plaintiff, | No. 2:22-cv-1233 |
| v. | |
| PAIN AND SPINE SPECIALISTS OF PENNSYLVANIA, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Nicole Sisler, by undersigned counsel, files this Civil Complaint and in support alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991; 42 U.S.C. §2000e- 5; 28 U.S.C. §§1331, and 1343(a).

2. Plaintiff has satisfied all procedural and administrative prerequisites set forth in Title VII and in particular:

   a. On September 9, 2021, Plaintiff filed a timely charge alleging pregnancy discrimination with the Equal Employment Opportunity Commission (EEOC) and cross filed with the Pennsylvania Human Relations Commission;

   b. The EEOC issued a Notice of Right to Sue on June 24, 2022; and

   c. This case is filed within 90 days of receipt of the Notice of Right to Sue.

## II. The Parties

3. Plaintiff, Nicole Sisler ("Sisler"), is an adult individual who resides at 604 S. Chestnut Street, Scottdale, Westmoreland County, PA 15683.

4. Defendant, Pain and Spine Specialists of Pennsylvania ("PASS") is a corporation with its principal place of business at 220 Bessemer Road, Mt. Pleasant, Westmoreland County, PA 15666. Defendant is an employer within the meaning of Title VII because it employs more than 15 employees. At all times relevant, Defendant was Ms. Sisler's employer.

5. At all times relevant to this case, Defendant acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

## III. Factual Background

6. Sisler worked for Defendant from December 1, 2020, until August 13, 2021.

7. Sisler was employed as a Medical Administrator and was primarily responsible for patient concerns, billing, and various administrative tasks.

8. Sisler's previous employer, DNA Pain Center, underwent a merger with PASS, that concluded in August 2021.

9. Dr. Sudhir Rao informed the employees of DNA Pain Center that all employees would have a job with PASS after the merger if they wanted to be employed with PASS.

10. The merger began in December 2020 and Sisler would begin employment under PASS shortly thereafter.

11. On November 13, 2020, Sisler notified Dr. Rao and Ms. Cossick that she was approximately 12 weeks pregnant.

12. When Sisler was finally given her job duties on January 21, 2021, almost two months after she began her employment PASS, Sisler found that many of her duties had changed, including much of her billing responsibilities, since she had notified PASS that she was pregnant.

13. On July 19, 2021, shortly before returning to work from maternity leave, Sisler notified Ms. Cossick of an anticipated surgery for her daughter and asked if she could temporarily work from home for 1 or 2 days per week to accommodate her newborn.

14. Sisler's request to work from home was denied and PASS insisted that Sisler work in the office.

15. On August 10, 2021, Sisler noticed that her future PTO requests were cancelled in the computer system and inquired as to the reason.

16. Sisler was informed that she had been reassigned in the system as a part-time employee and was no longer entitled to PTO.

17. On August 13, 2021, Sisler met with Ms. Cossick who informed her that Dr. Rao would be eliminating Sisler's position.

18. Sisler told Ms. Cossick that she had a feeling that she was being terminated because she had just given birth; Ms. Cossick did not deny or refute this statement.

## Count I:
## Title VII Pregnancy and Gender Discrimination

19. Plaintiff incorporates by reference the allegations in paragraphs 1 through 18 as if fully restated herein.

20. Defendant fired Plaintiff because of her sex and pregnancy in violation of 42 U.S.C. §2000e-2(a)(1).

21. Defendant's actions were done with reckless indifference to Plaintiff's federally protected rights.

22. As a direct and proximate result of Defendants' actions, Plaintiff lost her job and suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, Plaintiff demands judgment against Defendant for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), as follows:

   a. That Defendants be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

   b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on August 13, 2021;

   c. That Defendants be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

   d. That Defendants be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

   e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

   f. That Plaintiff be awarded punitive damages against Defendants in an amount sufficient to punish them and to deter similar conduct;

   g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

   h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

      i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be proven at trial, and other legal and equitable relief as well as compensatory and punitive damages as the court deems to be proper, plus interest and a reasonable attorney fee.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ *Ryan M. Carroll*
Ryan M. Carroll
Pa. I.D. No. 205851
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA  15219
(412) 394-4496
rcarroll@edgarsnyder.com

Attorney for Plaintiff